**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOOTJE JOHANES KAMBEY,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 08-70891

Agency No. A095-630-202

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2011[**]

Before:     B. FLETCHER, CLIFTON, and BEA, Circuit Judges.

Jootje Johanes Kambey, a native and citizen of Indonesia, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal

and protection under the Convention Against Torture ("CAT").  We have

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, and we review de novo the agency's legal determinations. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

Kambey did not present any evidence or claim that he had been persecuted in Indonesia. Rather, he testified he feared future persecution due to his Christianity. Substantial evidence supports the agency's finding that, even as a member of a disfavored group, he failed to establish that he would be targeted for persecution. *See Sael v. Ashcroft*, 386 F.3d 922, 925 (9th Cir. 2004) (showing membership in a disfavored group must be "coupled with a showing that [the asylum applicant], in particular, is likely to be targeted as a member of that group"); *Wakkary*, 558 F.3d at 1066 ("[a]n applicant for withholding of removal will need to adduce a considerably larger quantum of individualized-risk evidence to prevail"). Further, the record does not compel the conclusion that there is a pattern or practice of persecution against Christians in Indonesia. *See Wakkary*, 558 F.3d at 1060-62. Accordingly, Kambey's withholding of removal claim fails.

Finally, Kambey has not raised any direct challenge to the agency's denial of

CAT relief.  *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996)

(issues not supported by argument are deemed abandoned).

**PETITION FOR REVIEW DENIED.**